Honorable the judges of the United States Court of Appeals for the Fourth Circuit. The last case in the dark today is case number 197482, Slusser v. Vereen. Mr. Swanson? Yes, Judge. Baird? Yes, Judge. Heavy witness, sir. You may proceed. Thank you, Your Honor. May it please the court. Brady Swanson on behalf of Larry Slusser. Section 2255e exists to ensure that prisoners have a meaningful, unobstructed procedural shot to test the legality of their sentence. When in extraordinary circumstances and through no fault of a prisoner's own, section 2255 proves inadequate or ineffective to test the legality of the sentence, then the savings clause says that 2241 traditional habeas relief remains available. What happened in Mr. Slusser's case is extraordinary. The Sixth Circuit, after granting a certificate of appealability on his 2255 motion, ultimately refused to reach the merits, concluding that he had waived it in his plea agreement. Less than a year later, in a subsequent panel opinion, and after denying rehearing in Mr. Slusser's case, the Sixth Circuit essentially confesses error and singles out Mr. Slusser's case by name as wrongly decided. But by then, of course, it's too late for Mr. Slusser to secure relief through section 2255. Under those extraordinary circumstances and this court's precedence in Wheeler and Braswell, Mr. Slusser is entitled to pursue relief under section 2241. Can I ask you a question, Mr. Swanson? Of course. When we get down to the merits of his complaint, hasn't the Sixth Circuit decided in several cases, Brombeck, Buey, and Brown, that the offenses that were used to enhance this to find somebody eligible under the Armed Career Act? We've kept the court updated through our 28J letters as to the status of the cases in the Sixth Circuit. And of course, the circuit does apply Sixth Circuit substantive law in ruling on the petition. That said, as with any other panel opinion, this court can't apply precedent that is contrary to binding Supreme Court precedent. And here, the Supreme Court said in James v. United States that attempted burglary is not burglary for purposes of the Enumerated Offenses Clause. And the Sixth Circuit has never engaged with that, not even in the dictum in Brown where it attempts to address this issue on the merits. The Sixth Circuit doesn't acknowledge James, doesn't respond to James. It doesn't explain why James is inapplicable here. So although we recognize that the Sixth Circuit has purported to address this issue in a series of panel opinions, our position is that the result it has reached in those opinions is simply contrary to the Supreme Court's opinion in James. And it also runs counter to precedent from both the Supreme Court and the Sixth Circuit, pre-existing circuit precedent in the Sixth Circuit, saying that the modern generic version of defense is defined by looking to the majority approach in most states. And here it's undisputed. The majority approach to generic burglary does not use for the felony to preserve that line between burglary and attempted burglary. Again, that's something the Sixth Circuit doesn't engage with in Brown and doesn't respond to. So we think that although those precedents do purport to resolve the issue, there is still an argument to be made on the merits. But of course, the court can't reach the merits without addressing a threshold jurisdictional issue. But the Fourth Circuit or the fourth factor in the Wheeler test is essentially whether there's a fundamental injustice in this thing. And given what the Sixth Circuit has held, is there a fundamental injustice? I mean, you may think it's wrong, but aren't we kind of bound by what the Sixth Circuit says about Tennessee law? Oh, well, Your Honor, as I said, we do think that when you get to the substance on the merits, you apply Sixth Circuit law. That's certainly true. At the same time, this court has said that for purposes of the Wheeler test, which defines and interprets section 2255E, the issue affects subject matter jurisdiction. And subject matter jurisdiction generally assumes that a claim on merits will be successful when assessing jurisdiction. And then you get to the merits. But the Supreme Court has always policed that line between jurisdiction and the merits. So I think it would be a departure from customary rules of civil procedure to assess jurisdiction by reference to the underlying merits of the case. Well, but what's the fundamental defect that we have to find in the fourth factor of the Wheeler test? So the fundamental defect, you would assume for purposes of the jurisdictional inquiry that it's sort of like, you know, a failure to state a claim, right? You would assume the truth or the merits. And if we've stated a claim on the merits, would it present a fundamental defect? I think here there's no dispute that it would, because in Mr. Slusser's case, if the ACCA predicates are erroneous, then you've raised them, you've actually put his mandatory minimum sentence above what should be the statutory maximum. And under Wheeler and Lester and Hahn, that is a fundamental defect in the circuit. So again, I think for purposes of the jurisdictional inquiry, you're not assessing whether the merits are correct or not. You're assessing whether we've stated a claim of a fundamental defect. And then once you get to the merits, of course, then you have to decide whether the Sixth Circuit precedent governs. And yes. Counsel, on the jurisdictional question, I want to make sure I understand your argument. So your client satisfied the gatekeeping requirements of 2255H2 on exactly this claim, right? On the same claim you're making now. He satisfied the H2 requirements. A district court reviewed his argument on the merits, his claim on the merits, and denied it. And then... That's correct. Right. So how does this get us into a territory where 2255 was inadequate or ineffective if your client has, in fact, already received review on exactly this claim under 2255? Well, under Section 2255, there is a right of appeal if you make a substantial showing of a denial of a constitutional right. And the Sixth Circuit found that Mr. Slusser had satisfied that showing. And so he had a right of appeal. And so his... So what if the Sixth Circuit had denied a COA erroneously? They had denied a certificate of appealability. But, you know, if they had applied the standard correctly, they should have. So I think the rule that we're stating is it only comes into play. The extraordinary circumstances we're citing here only come into play because of the Sixth Circuit's confessed error in Mr. Slusser's case, right? So... So I know I'm asking a hypothetical, but that's the whole fun of this is I get to ask questions that aren't actually your case. So what if instead of granting a COA and then dismissing the appeal on procedural grounds, what if they denied the COA? And, you know, they were wrong to do so, but they denied a COA. Is your argument that that would make 2255 inadequate or ineffective? No, Your Honor, we don't think so. Because essentially, this court has said that the pathway that exists is for exceptional circumstances. You know, Braswell says you can't punish the petitioner for being too diligent. And that's essentially what will happen here, right? But that only comes... That only happens because of the Sixth Circuit's own admitted error in resolving his case, right? And so it wouldn't... That kind of extraordinary circumstance wouldn't exist in a situation where somebody comes into court just claiming that the Sixth Circuit got it wrong and basically... Where in 2255E is your... It sounds like you're saying there's an extraordinary circumstance exception, right? That you get review... 2255 is adequate. It actually did test the legality of your client's detention, but the result was erroneous. And not just erroneous, but, you know, extraordinarily so. Is that your test for the saving clause? I don't think that's my test. I think that's the test that this court has set out. Because if you look at cases like Braswell and Hahn, you have people who literally filed 2255 motions on the same exact issue before they came to this court in 2241 posture. Those had been denied on procedural grounds, and then they came up. And I think that flows directly from the statutory text, Your Honor. Because Section 2255E says that the exception exists for circumstances when someone who is authorized to file a 2255 motion... But what is the language? It says they have either failed to apply for relief or the court has denied him relief, right? So the exception only comes into play into a subset of cases for folks who are, A, authorized to file 2255 motions, but who've been denied relief. And as you said, maybe in that situation 2255 is adequate, but that's not the only test. The statute says inadequate or ineffective. And we presume that Congress means two different things when it uses two different words. And so perhaps 2255 was adequate, but it was ineffective. And the reason it was ineffective... Go ahead. Tell me the reason it was ineffective. So the reason it was ineffective was because of circumstances totally outside the petitioner's control. You're saying it was ineffective because they got it wrong, right? Yes. And because they admitted error in his case. They admitted they got it wrong. Yes. Okay. Right. So this court's precedent in Rivera-Braswell... So the test in Braswell, right, the court says that the petitioner is able, notwithstanding his prior unsuccessful 2255 raising the exact same issue, the court says he could not rely upon the change in substantive law to correct the fundamental sentencing errors because of circumstances that were outside of his control, right? Right. But that's where the law changes. That's where the law... He didn't have an argument before that now he has. Your client always had this argument. In fact, he was heard on this very argument in the district court. This is quite different. Yes. Although I think it's important to note that not even the government defends the district court's reasoning in this case. And again, the remedy in 2255, the full complete remedy, which is what the statute refers to, includes that right to appeal and not just the right to be heard in the district court. So the question is whether that remedy was inadequate or ineffective. And in this case, it was ineffective because of the Sixth Circuit's admitted procedural error. So again, I don't... I think that the precedent that this court has laid out is that the unobstructed procedural shot is what 2255 guarantees. And in situations where it is they have been unable to take advantage of a retroactive change in the law, they're entitled to pursue relief under Section 2241. And those are the exact circumstances that we have here. This is kind of awkward when we're... sort of... You asked us to review the Sixth Circuit. We're not an appeals court for the Sixth Circuit normally. Well, that's what makes these circumstances so unusual, is that the Sixth Circuit has already confessed error in Mr. Slesser's case. So we're not asking the court to sit in judgment of the Sixth Circuit's review. We're not asking the court to take another look at something the Sixth Circuit did and say, well, do you agree or disagree? We're asking you to just give effect to the ruling that the Sixth Circuit already made in Mr. Slesser's own case. And Judge Rushing, I just want to come back to something because I want to make sure I was clear about sort of the analytical framework that I'm applying here. So the test that exists is the Wheeler test, right? There are four prongs. Until the government's 28-J letter on the first prong, it had never disputed that Mr. Slesser literally satisfies the text of those prongs. And the reason specifically that he fails to satisfy the third prong is because he's making an argument that was previously available to him in the most recent federal proceeding, right? So that is the third prong. So the only question then is whether there's this bar or this independent bar on relief through the Wheeler test when you've got a situation where someone has filed a previous 2255 that's unsuccessful. And that's what, you know, the language in Jones and Vile sort of gets at is situations where you've got someone who's filed an unsuccessful 2255 before. But Hahn and context is not a sufficient reason to cut off relief under the Wheeler test because that's exactly what had happened in those cases. And so the question is, well, when do you cut it off because of a 2255? And the answer is to look at, you know, at what Wheeler calls the flexible and the adaptable remedy of habeas. It's precise application and scope change depending on the circumstances. And here, you know, just look at the extraordinary circumstances. All we're asking you is to look at the extraordinary circumstances that happened in Mr. Slessor's case and say that, you know, in those circumstances, 2255E proved inadequate or ineffective through circumstances that were no fault of the prisoners. And that's the language that this court said in Jones and repeated in Wheeler. That's not language that I've just sort of come up with because it sounds good. And so I think if you apply the precedents that this court has laid out, there really isn't an Thank you. And you want to, you're saying we just need to address the jurisdictional issue, to vacate it and send it back for consideration in South Carolina on the merits issue. We have asked that this court address, go ahead and address the merits as well. I realize that's an unusual request, but it's a purely legal issue. It's one that doesn't really need factual development. And, you know, if you think we're right about the circumstances here, Mr. Slessor started over serving his sentence in June of this year, approximately. If you look at J6, you can see his arrest date. So he is already in excess of the statutory maximum in our view. So a remand would unnecessarily prolong his relief. Because the maximum statutory sentence would go from 15 years to 10 years. Correct. Yeah. His maximum sentence under the statute would be 10 years. But still, that's an extraordinary remedy that's requesting here. I'm sorry, I don't understand the question, Judge. Well, you're asking us to go ahead and address the merits. That's what we normally, we're a court of review rather than first view. And the only thing that this report concerns here was the jurisdictional question. That's unquestionably true. And we concede that. But the court has said in several cases, we cited one in our brief where the issue is purely legal and likely or required to come up on remand. It is acceptable for this court to address the instance, the question in the first instance. So that's fully briefed. Anything else, Judge Giffney, Judge Rushing? No, sir. No, thank you. Thank you, Ms. Swanson, and you saved a few minutes. Ms. Washington? Good afternoon, your honors. My name is Lisa Washington, and I'm representing the acting warden at FCI Edgefield. The district court got it right in correctly dismissing Mr. Slusser's 2241 petition for lack of jurisdiction, and this court should affirm. There are multiple reasons Mr. Slusser's claim cannot invoke the savings clause. But the bottom line, as your honors have picked up on, is that post Johnson, the Sixth Circuit has held under United States v. Brumbach, United States v. Brown, and most recently in U.S. v. Bowie, that aggravated burglary are categorically crimes of violence under the Armed Career Criminal Act. Even if Mr. Slusser were able to satisfy all of the other prongs of Wheeler, he could not show that Johnson represents a retroactive change in the law that renders his sentence fundamentally defective. And to the extent that there's a question about whether or not the court should get into or consider the merits of the argument in determining whether or not jurisdiction exists, prong four of the Wheeler test says that due to this retroactive change in the law, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. In this particular case, the merits of the claim kind of collapsed into the jurisdictional argument. Mr. Slusser was convicted, or at the time Mr. Slusser was convicted in 2011, he had four separate and distinct Tennessee burglary convictions. He also had a 1999 conviction for a serious drug offense, which was unaffected by Johnson. None of the convictions relied on by the government that are found at JA 102 through 108 were before the Sixth Circuit on appeal, and none of those convictions have anything to do with the claim before this case. Mr. Slusser has two more than the required three predicate convictions to support his mandatory minimum 180 month sentence under the Armed Career Criminal Act. He is serving a lawful sentence. He can't meet prong four of the Wheeler test. This court said explicitly and clearly in Farkas that 2255 or constitutional claims are meant to be brought under section 2255. Whether or not Mr. Slusser's claim, whether or not 2255 is adequate to address Mr. Slusser's claim is not a theoretical argument. As the court noted, after Johnson, after the decision in Johnson, and after it was deemed retroactive in 2016, Mr. Slusser's case fits squarely into 2255H. He brought his claim. He challenged both the validity of his aggravated assault claim post Johnson under the residual clause and his Tennessee burglary claims. The court decided against him on the merits. Pursuant to a certificate of merit, Mr. Slusser argued unsuccessfully before the Sixth Circuit that his aggravated assault claim, assault conviction, was not a valid conviction for ACC purposes post Johnson. Granted, the court did not decide that appeal on the merits. Instead, the court decided the case based on the waiver. Now, the appellant makes an argument that the Sixth Circuit erroneously decided Mr. Slusser's appeal on an invalid waiver. I do want to point out that to characterize the Sixth Circuit's decision in Slusser II, the appeal for the Sixth Circuit in 2018, as an erroneous decision based on a subsequent unpublished opinion, United States v. Vowell, is incorrect. Slusser II is a published opinion, and whether or not Vowell believes that the panel in Slusser II got it wrong is of little consequence. Under the prior panel rule, an unpublished opinion, that is, Vowell... You're asking us to rule on a Sixth Circuit procedural rule. It's just ruling in your favor on a Sixth Circuit procedural rule. Your Honor, I'm not. The waiver argument in the government... The prior panel rule... I assume you're talking about the Sixth Circuit's prior panel rule. Yes, Your Honor. The government's position, Your Honor, is that the Vowell case or the waiver issue is a red herring. The government's not relying... Has the Sixth Circuit procedural rule been briefed here? No, Your Honor. And the government's not relying on... Excuse me, Your Honor. I'm here. I was waiting for you. So it hasn't been briefed. The Sixth Circuit procedural rule, which you want us to abide by, hasn't been briefed in this case. Your Honor, the government... Maybe I haven't read something that you submitted. I'm sorry if I haven't. No, no. You are correct, Your Honor. But let me be clear. The government's not asking the court to consider the Sixth Circuit's ruling on whether or not Mr. Slusser's appeal was correctly decided on what they termed a valid waiver. I only point out the Slusser II and the error in regards to its decision on Slusser's appeal. That is not the case, Your Honor. Slusser II is valid law in the Sixth Circuit, and in Vowell, the Sixth Circuit did not confess error. That's my only reason for pointing it out. Otherwise, it's a red herring. It relates specifically to Mr. Slusser's 1999 aggravated assault conviction, which the government's not relying on. The Tennessee burglary convictions were not before the Court of Appeals in the Sixth Circuit. So I only point out the Vowell opinion and Slusser II to let the court know that the government believes that the appellant's characterization of the Sixth Circuit error is not correct. Now, I understand that Mr. Slusser is also arguing that because he is not able to bring a third 2255 motion, because now Johnson is not available to him, to invoke the savings clause. Mr. Slusser's reading of the term previously unavailable would turn 2255 or the gatekeeping provisions under 2255 on its head. The fact that the Johnson claim is not available to Mr. Slusser in a third 2255 motion is because he's already brought the claim in his second 2255 motion. To accept Mr. Slusser's reading of a term previously unavailable would basically convert section 2241 into an appeal mechanism for an unsuccessful 2255. It cannot be so that 2241 is an avenue for rehearing unsuccessful constitutional claims. Mr. Slusser had a unobstructed shot to bring his claims before the district court and the Sixth Circuit Court of Appeals. The fact that the result was not what he had hoped for is of little relevance when it comes to the savings clause. The savings clause is concerned with process, not outcome. Just as already denied constitutional claims insufficient, a procedural bar, whether it be a voluntary appellate waiver or missing a filing deadline for 2255, they're also insufficient to render section 2255 inadequate or insufficient to handle or to test the legality of Mr. Slusser's sentence. This court stated in Farkas that a test is not inadequate or ineffective just because someone is unsuccessful or fails at it. And that's the situation we have here. To allow Mr. Slusser to circumvent the gatekeeping procedures under H2 is to basically just grant him a do-over simply by asserting that 2255 is inadequate or ineffective to test his claim when all the evidence points to the contrary. The balancing need for finality in criminal judgments and the need to correct erroneous decisions in sentencing and in convictions is what this court considered in Wheeler and Jones in outlining when the savings clause may be used to challenge a sentence for a conviction. As the court in Jones stated, allowing a 2241 application for a constitutional claim like Mr. Slusser is asking this court to do, one that does not fit within the gatekeeping provisions under section 2241 and the exception would eventually swallow the rule. Now Mr. Slusser compares his case to the situation or to the defendant in Braswell. The Braswell case is easily distinguishable from Mr. Slusser's case. Mr. Braswell was caught between the passage of a new law caused by Simmons and its retroactivity. Mr. Braswell's claim was barred because of a function of 2255, the law, as a tool. The court was incapable of hearing his initial claims because of a deficiency in the statute. All of the parties agreed that Mr. Braswell's sentence was fundamentally defective and that he, like the defendant in Wheeler, presented exceptional circumstances. That's not so for Mr. Slusser. Mr. Slusser's 2255 petition was heard on the merits in the district court and he was denied relief based on the inadequacy of his claims. On appeal, he was denied a merits decision not based on a deficiency in section 2255 as a tool, but rather on a fact present in his case and under binding, still binding circuit, precedent in the Sixth Circuit. There's nothing in Braswell that suggests that its analysis should extend beyond the statute itself, the 2255 statute. Mr. Slusser's claim should be denied. It was denied at the district court for all the reasons I've just stated. This court should affirm the district court's dismissal of his 2241 petition because he cannot meet all of the tests or elements under Wheeler. I'm happy to answer any questions that the court may have. Hearing none, Ms. Washington, we'll thank you very much for your presentation and commission for it and we will hear from Mr. Slusser if he has some rebuttals. Yes, sir. Just a little bit, Your Honor. I'm mindful that it's Friday afternoon, so I'll try not to keep you. First of all, I just want to clarify something. Ms. Washington is mistaken that it all was unpublished. Her confusion is completely understandable because it did issue as an unpublished opinion, but it's now published at 938 F3rd 260. If you look it up there, you'll see a little notation after the filed date that says this decision was originally filed as unpublished and the court has now designated the opinion for publication. It was initially published, but it became published. That's the Sixth Circuit case? Yes, the one that designates Mr. Slusser's case is wrongly decided. It was wrongly decided in a unpublished opinion. Am I right or wrong that Judge Donald was on both of them? She was, yes. Judge Donald authored the opinion in Slusser and then was, I suppose, persuaded that her opinion in Slusser had misread the prior pre-existing Sixth Circuit precedent in Brothers and thus joined the opinion in Val holding that Slusser was wrongly decided. So I just wanted to clarify. Judge Nelson wrote this opinion you're talking about? Judge Moore. Judge Karen Nelson Moore. There's more. There's more like this one. But does that make any difference whose names are on these opinions? No, the names certainly don't. And I don't really think the published status... Does the fact that there was a common panelist on the two of them make any difference? No, I don't think it really does. And again, I don't think the published status really makes a difference to our argument either. The fact is the subsequent panel felt empowered to disregard it as non-precedent. So I think that's the main fact that matters. But I just wanted to make sure that I had clarified that. Second, on whether this court can assume the truth or, sorry, reject our claim on the merits as part of its jurisdictional analysis. I just want to push back on that a little bit because the Supreme Court has continually maintained a line between jurisdiction and the merits in Chafin v. Chafin, which was a mootness case. The court specifically reverses for conflating jurisdiction with the merits. And there's a reason for that. If you look at ARBO, YNH, it's because of the drastic consequences that go along with subject matter jurisdiction. If the court were to hold that this court can look to the underlying merits in assessing whether a Wheeler claim is valid, it would hold that basically the government is exempt from forfeiture rules, even on the merits of subsequent 2255 claims, which would be a pretty dramatic consequence that this court has never suggested is true. What do we do with that Wheeler prong four? Is that a problem with the Wheeler test? The prong four does seem to ask about the merits, but it's a jurisdictional test, so we can't get to the merits. What do we do with that? Exactly. And I think your Honor is exactly right in that, you know, I tried to explain it sort of like a motion to dismiss in my opening argument. You just, you sort of assume that the claim is true on the merits. Would the result be a fundamental defect? And then eventually you get to the merits and you can decide whether it's right or wrong. That would be a more... I'm sorry? You think we look at it through a lens of 12B6 or something like that? Not exactly, but it's an analogous procedure. And I think that would make perfect sense, you know, given the nature that it is a jurisdictional test and because of the dramatic consequences of holding that it's not jurisdictional. And the court has said, you know, Wheeler is not to be read in a literal and isolated fashion. It's a flexible test. So I don't think there's anything wrong with sort of developing Wheeler as sort of the common law test that it is, so to speak. On the substance of the jurisdictional argument, Ms. Washington claimed that we would basically convert our 2241 into an appeal mechanism. That's not correct. We agree that the language that this court has repeated from Vial and Jones and in Farkas does provide some substantive limitation. But to look at the content of that limitation, it's not as easy as just saying there was a prior unsuccessful 2255 because otherwise Braswell and Hahn would be wrongly decided. So it's not a situation where we're inviting you to speculate. We're saying you look to whether there have been extraordinary circumstances, and here there have been, which is the Sixth Circuit's confessed error in the prior case. Finally, she says that the 2255 test focuses on process but not outcome. Again, that test is derived from Post v. Anderson, which is Tenth Circuit law. That's not the law in this circuit. And so I just, you know, I think that that is really not the direction that this court has taken. And again, that's because the text says it applies for some folks who are authorized to seek relief under 2255, but for whom it was inadequate or ineffective. Thank you. Thank you, Mr. Swanson. We appreciate your work. And Ms. Washington, we thank both of you. If we were in Richmond, we'd come down and greet you in the well of the court. Can't do that now, but we're compelled to take the case under advisement. And Mr. Clerk, we will adjourn the court for the day, and sine die, I think. This Honorable Court stands adjourned, sine die, as in the State of the United States Ensemble Court.
judges: Robert B. King, Allison J. Rushing, John A. Gibney Jr.